# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 318

### ABRAMS v. KANGESSER

Ohio Court of Appeals Cuyahoga County
No. 3776. Feb. 26, 1923

This opinion has not been published except in Abstract.

AGENCY—(1) Corporation, the officers of which know of a contract, bound by contract made by its authorized agent—(2) Undisclosed principal may be shown by oral evidence.

### Epitomized Opinion

Appeal from Cuyahoga Court of Common Pleas

PARDEE, J.

Robert and Harry Kangesser offered in writing, July 14, 1919, to sell to Abrams the balance of a 99 year lease on certain property. By the terms of payment specified, Abrams was required to pay $1000, upon acceptance. Abrams did give to Harry K. a check for $10,000, which said Harry K. had certified and kept for several months. Upon failure of the Kangessers to convey the property, Abrams brought suit and discovered that, by certain litigation, interest in the lease had passed, previous to July, 1919, to the Hayden Investment Co., a corporation of which the Kangessers were officers. The Investment Co. was made a defendant but claimed that the Kangessers had no authority to make the contract in question. The evidence indicated that the officers of the company knew of the offer and acceptance, and that Harry K. had possession of the check. Held by court of appeals, in giving order for specific performance:

1. When a party who has intimate business connection with a corporation, makes a contract, with the knowledge of the officers of said corporation, and which said officers do not attempt to disaffirm, said party may be considered as acting as the agent of the corporation, and the contract is binding.

2. An undisclosed principal may be shown in cases of this kind by oral evidence.

Attorneys—James Metzenbaum and Snyder, Henry, Thompson, Ford & Seagrave, for Abrams; A. Kolin and Mooney, Hahn, Loeser & Keough, for Kangesser.

---

No. 319

### INDUSTRIAL COMMISSION v. COLLELA

Ohio Court of Appeals, Summit County
No. 639. Jan. 16, 1923

This opinion has not been published except in Abstract.

PREJUDICIAL ERROR—(1) Evidence admissible on an appeal from a finding of the Industrial Commission—(2) Verdict against the weight of evidence—(3) Mistake of jury in rendering verdict for lump sum.

PARDEE, J.

### Epitomized Opinion

Plaintiff, a former employe of the Firestone Tire & Rubber Co., filed with the Industrial Commission his claim for injuries which he claimed he secured while working for the Company. As the Commission disallowed his claim, he appealed to the common pleas. The case went to trial on the transcript and proceedings had before the Commission. Plaintiff offered in evidence this entire transcript but the State objected upon the ground that a portion thereof did not conform to the various rules of evidence. It appeared that the parts particularly objected to were an affidavit of the claimant an affidavit of a fellow workman, an investigator report, a recommendation by the medical division and a statement of facts by the director of claims. The court admitted this evidence and the jury returned a verdict for plaintiff for $630. The Commission prosecuted error. Held by court of appeals in affirming judgment of lower court:

1. In an appeal from a finding of the Industrial Commission, the jury hearing the appeal must be guided by the rules adopted by the Commission for the taking and introduction of evidence before it although such evidence would not be admissible under the technical rules, in the trial of an ordinary civil action.

2. As the claimant's contention that he secured certain injuries while in the course of his employment was substantiated by the affidavits of others the finding of the jury was not manifestly against the weight of evidence.

3. While the jury committed an error in allowing a lump sum of $630, such error is not prejudicial and the award of the jury will be modified so that the claimant mill be paid at the rate of $15 per week for 42 weeks, this being the period of disability.

Attorneys—John G. Price, R. R. Zurmehly and H. W. Doyle, Pros., for Commission; Smoyer Clinedinst & Smoyer, for Collela.